No. 429

First Circuit

DE BRITTON v. BAKER ET AL.

(April 13, 1929.  Opinion and Decree.)
(June 28, 1929.  Rehearing Refused.)

Cross and Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Borron and Johnson, of Baton Rouge, attorneys for defendants, appellants.

MOUTON, J.  A. de Britton, J. R. Baker and V. P. Blake signed a note, in solido, September 8, 1926, in favor of the Union Bank and Trust Company of Baton Rouge, for the sum of three thousand five hundred dollars ($3,500.00), payable in one year from date.

A. de Britton, one of the three that signed the note, died since its execution. Plaintiff, Mrs. Annie Eliza de Britton, surviving widow of A. de Britton, bought the note from the Union Bank and Trust Company, and with due reservation of her rights on the note against the estate of her deceased husband, brings this suit against

Blake and Baker for their half thereon, a balance of fourteen hundred dollars ($1,400.00) on the note, with interest from November 1, 1927, and ten per cent (10%) attorney's fees for which she recovered judgment in the district court.

Blake and Baker appeal.

The defendants first deny that plaintiff has any interest in the note, or is owner in due course; then plead want of consideration, and if any existed that it has failed as to respondents. They thereafter plead that they were induced to sign the note by A. de Britton for the purpose of raising funds to drill an artesian well on a tract of land they had for sale for A. de Britton and H. M. Young with the view of selling water rights to prospective purchasers of lots of ground into which it was proposed to subdivide said tract of land and that from the proceeds which were expected to be realized from the sales of these water rights, the note would be paid or liquidated.

It is shown that Robert Y. de Britton, the son of plaintiff, as the agent of his mother, bought the note from the bank for plaintiff. There is therefore no merit in the defense that plaintiff has no interest in the note. The notations on the back of the note show that defendants, as appears from their individual signatures, made the following payments thereon: June 8, 1926, for their half interest one hundred and forty dollars ($140.00); on note and interest to July 1, 1927, two hundred and fifty dollars ($250.00); August 1, 1927, that it had been reduced, leaving a balance of fourteen hundred dollars ($1,400.00) against defendants, as established by the record.

There are also payments of interest by the defendants of nine 34/100 dollars ($9.34), September 3, 1927, October 5, 1927,

and November 1, 1927, which appear from the notations on the back of the note. It is admitted by defendants that they made these payments. Robert Y. de Britton, who had the note for collection for the plaintiff, says defendants never denied their liability on the note, but on the contrary repeatedly promised him to pay it.

This is denied by defendants. They claim the different amounts they paid on the note as shown by the notations to which we have referred, were in reality, loans or advances they had made. If they were such, it is rather singular that the amounts carried in these notations should have been imputed precisely to the share of the interest which was due by defendants on the note. We rather believe that the payments were effected in discharge of their obligation, and were not intended as loans or advances to A. de Britton, who, the evidence shows, was a man of considerable wealth and had no need for such assistance. The defendants also say the payments were made to avoid a lawsuit with which they claim they were threatened by Robert Y. de Britton if the note was not paid, and that the advances which appear in the notations were made with the understanding that defendants would be reimbursed therefor from the sale of the water rights.

All of that is denied by Robert Y. de Britton. The evidence shows that the tract of land which Blake and Baker expected to subdivide into lots for sale belonged to A. de Britton and H. M. Young. Each purchaser of these lots was to be taxed one hundred dollars ($100.00) for water rights.

H. M. Young testifies that Blake and Baker wanted his co-owner in that tract of land to put up the money to bore the well from which the water was to be furnished

to these prospective purchasers. He says, A. de Britton agreed to borrow the money from the bank with Blake and Baker to cover that expense and for which it was borrowed; that de Britton, Blake, Baker and himself were to pay the debt, each in the proportion of one fourth ($\frac{1}{4}$). He says, it was understood that they would collect all the money they could from the water rights, but that the note, when it fell due, was to be paid whether a sufficient amount or not was realized from the well. He acknowledges that he was an obligor on the note, and that he had paid his share to the A. de Britton estate.

The testimony of Young, of other witnesses and corroborative facts show clearly that the defendants were directly bound to pay the note with A. de Britton, and independently of any agreement that it would be liquidated from the proceeds of the well. Even, if such a condition had been agreed to by A. de Britton as it is contended for by defendants, the proof shows that if the money collected for these water rights had been applied to the note instead of being diverted to the payment of the open account of the Plumbing Supply Company for connecting pipes, etc., the note would have been satisfied and the obligation represented by it, extinguished, or reduced to a much smaller amount.

The defendants contend that there was no consideration for the note. The record shows that defendants entered into a contract with A. de Britton and H. M. Young for the sale of a tract of land belonging to the latter. They were to receive under the terms of that contract ten per cent (10%) commission on the sale price of each lot, except on buildings erected by Young and de Britton on the land.

The minimum price per acre for the land was fixed in the contract at one hundred dollars ($100.00), upon which defendants were to receive, as commission, one-half of all sums in excess of fifty dollars ($50.00) per acre realized out of the sale of the entire tract.

By another clause in the contract it was stipulated that when enough money had been realized to reimburse de Britton and Young for any amount expended by them in improvements and to pay the sum of fifty dollars ($50.00) net for the whole tract, Young and de Britton would transfer to defendants an undivided one-half ($\frac{1}{2}$) interest in the land remaining unsold, and in the unmatured contracts or notes. It is therefore obvious that the defendants had a keen interest in promoting the sale of the lots into which this land was to be subdivided, and in furnishing water rights from the artesian well which was to be drilled.

To accomplish that purpose funds were needed, which led to the execution of the note in question. Evidently there was a consideration on the part of defendants for the execution of the note; there was also further consideration in the acquisition defendants were to make of the undivided one-half ($\frac{1}{2}$) interest in the land and in the unmatured contracts as soon as Young and de Britton were reimbursed for their improvements and the sum of fifty dollars ($50.00) per acre for the whole tract. In addition thereto was the commission to which they were entitled under the contract. There is therefore no merit in the contention of defendants that they should be exonerated from the obligation on the note for want of consideration. They have failed to maintain this plea, and also the other contentions which they are urging to escape liability.

The judgment is therefore affirmed with cost.